IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES RIVER AIR CONDITIONING COMPANY,

    Plaintiff,

v.

                                        Civil Action No. 3:15CV223

BATTEN & SHAW, INC.,

    Defendant.

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff James River Air Conditioning Company's ("JRACC") Motion for Relief Pursuant to Rule 56(d) ("Rule 56(d) Motion"). (ECF No. 18.) JRAAC asks this Court to "dismiss the Motion for Summary Judgment filed by the defendant, Batten & Shaw, Inc. [("B&S")], or to defer considering the motion and allow time for the parties to take discovery." (Rule 56(d) Mot. 1, ECF No. 18.)

### A.    Procedural History

The Court reviews the procedural history in this case because such context informs the nature of JRAAC's motion. On April 13, 2015, B&S removed this action from the Circuit Court for Henrico County, Virginia. (Not. Removal 1, ECF No. 1.) Four days after removal, this Court granted B&S's motion to extend its deadline to file responsive pleadings to the Complaint until April 30, 2015. (ECF No. 4.)

On April 30, 2015, B&S filed a consent motion to stay this case to permit B&S and JRACC to engage in mediation. (Mot. Stay ¶¶ 2–3, ECF No. 7.) This Court granted the consent motion to stay and stayed the matter until June 10, 2015. (ECF No. 8.) The Court ordered B&S and JRACC to submit a joint status update not later than June 3, 2015. (*Id.*) On June 2, 2015,

the parties that they "reached partial settlement on all but one of the disputed issues," "continue[d] to pursue settlement discussions[,] and [were] in the process of scheduling mediation." (ECF No. 9.) On June 3, 2015, the Court extended the stay until July 8, 2015. (ECF No. 10.) Again, the Court ordered a joint status update not later than July 1, 2015. (*Id.*) The July 1, 2015 Status Report indicates the parties did not reach a settlement as to the final issue in dispute. (ECF No. 11.) As a result, on July 2, 2015, the Court vacated the stay and ordered B&S to file its responsive pleadings not later than July 22, 2015. (ECF No. 12.)

On July 15, 2015, B&S filed its Answer. (ECF No. 13.) On August 6, 2015, this Court scheduled an initial pretrial conference to occur on August 26, 2015. (ECF No. 14.) Six days after setting the initial pretrial conference, B&S filed its motion for summary judgment. (ECF No. 15.) On August 26, 2015, the parties appeared, by counsel, for an initial pretrial conference. The Court entered its standard scheduling order and set this matter for a bench trial to commence on February 19, 2016. (ECF No. 21.)

**B.** **Rule 56(d)**

After a party has moved for summary judgment, Federal Rule of Civil Procedure 56(d) permits the Court to defer considering the motion or allow time for discovery when the nonmovant shows that he or she cannot present facts essential to justify the opposition to summary judgment:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
> **(3)** issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The United States Court of Appeals for the Fourth Circuit instructs that "[i]n general, summary judgment should only be granted after adequate time for discovery." *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) (citation omitted) (internal quotation marks omitted). "Summary judgment before discovery forces the non-moving party into a fencing match without a sword or a mask." *Id.* Therefore, Rule 56(d) permits a party who "lacks material facts necessary to combat a summary judgment motion" to "file an 'affidavit or declaration that, for specified reasons, [the party] cannot present facts essential to justify its opposition.'" *Id.* (quoting Fed. R. Civ. P. 56(d)). When ruling on a Rule 56(d) motion, the district court "may defer consideration of the summary judgment motion, deny the motion, or 'issue any other appropriate order.'" *Id.* (quoting Fed. R. Civ. P. 56(d)).

Importantly, "[a] Rule 56(d) motion must be granted 'where the moving party has not had the opportunity to discover information that is essential to his [or her] opposition.'" *Id.* at 483–84 (citing *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)). Rule 56(d) motions are "broadly favored and should be liberally granted in order to protect non-moving parties from premature summary judgment motions." *Id.* at 484 (quoting *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013) (internal quotation marks omitted)) (footnote omitted).

C. **Discussion**

At the time JRACC filed its Rule 56(d) Motion, the declaration of JRACC's counsel William A. Young, III, Esq. states that, other than initial discovery served in the state court prior to removal, which B&S had not answered, neither party has issued discovery in this case. (Decl. Young ¶ 4, ECF No. 18-1.) On August 28, 2015, two days after the initial pretrial conference, the parties exchanged Rule 26(a) disclosures. (Def.'s Resp. Rule 56(d) Mot. ¶ 5, ECF No. 24.)

JRACC identifies four areas of discovery that it contends will enable it to oppose B&S's motion for summary judgment. (Decl. Young ¶ 6(a)–(d).) Considering that this Court only recently vacated a stay and set this matter for a February 2016 bench trial and that the parties only recently exchanged initial disclosures, JRAAC has not had an opportunity to discover information that is essential to its opposition to B&S's summary judgment motion. *McCray*, 741 F.3d at 483–84. Therefore, pursuant to Rule 56(d), this Court will deny B&S's Motion for Summary Judgment without prejudice. (ECF No. 15.)

### D. Conclusion

For the reasons stated above, the Court ORDERS the following:

1. The Court GRANTS JRAAC's Rule 56(d) Motion. (ECF No. 18.)

2. The Court DENIES WITHOUT PREJUDICE B&S's Motion for Summary Judgment. (ECF No. 15.) Either party may conduct discovery according to the Federal Rules of Civil Procedure and file dispositive motions pursuant to the deadlines established in the Initial Pretrial Order. (ECF No. 21.)

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

/s/
M. Hannah Lauck
United States District Judge

Date: 9-8-15
Richmond, Virginia